**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

KIM VASQUEZ,

                                Plaintiff,

            - v -                                                  Civ. No. 9:16-CV-0623
                                                                     (LEK/DJS)

PETER RUSSEL, *et al.*,

                                Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

      Presently before the Court is Plaintiff's Rule 37 Motion seeking to compel Defendants to provide certain documents in accordance with his Discovery Demands, dated January 5, 2017. Dkt. No. 31. Defendants have opposed Plaintiff's Motion to Compel. Dkt. No. 35. A telephone conference was held, on the record, on April 21, 2017, wherein all parties appeared and had a full opportunity to present their respective positions. I issued a decision on the record, in which, after applying the requisite legal standards, I **granted in part and denied in part** the Motion pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties.

      After due deliberation, and based up the Court's oral decision, which is incorporated in its entirety by reference herein, it is hereby,

      **ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 31) is **GRANTED in part and DENIED in part** as follows:

### I. Demand for Trial Transcript

Plaintiff has made a demand for the trial transcript of a State court proceeding entitled "In the Matter of the Commitment of Kim Vasquez." The Defendants indicate that they do not possess any such transcript, and therefore their response to the discovery demand is appropriate. Plaintiff's Motion to Compel the transcript is therefore **denied**.

### II. Demand for Cassette Tape

Plaintiff requests a copy of his recorded interview with the New York State Department of Justice which allegedly occurred in August 2015. Again, Defendants' counsel indicates that the search for any such recorded interview has been made and such an interview, if it exists, is not in their possession. Plaintiff's Motion to Compel a different response is therefore **denied**.

### III. Video Surveillance

Plaintiff originally requested a copy of video surveillance, dated September 29, 2015, during the hours of 1:45 p.m. to 3:15 p.m., which allegedly shows Plaintiff being choked until he fell unconscious. During the telephone conference, Plaintiff indicated that the date in question was actually August 29, 2015, and not September 29. The Court therefore *sua sponte* amends the demand to reflect the corrected date, and directs that within thirty days of the filing date of this Order that the Defendants respond to this amended demand. Plaintiff's Motion, in this respect, is **granted**.

### IV. Names of Officers Involved in Use of Force Against Plaintiff

Plaintiff was provided documentation regarding CNYPC staff's use of force against him. Unfortunately, he is unable to read the names of the staff members involved. It was agreed that Defense counsel would attempt to get someone with knowledge to review the documents in question

and provide a list to Plaintiff of the names in a readable format. Plaintiff's Motion, in this respect, is **granted**.

### V. Name of the Nurse who Injected Plaintiff with Medication on August 13, 2015

In his Complaint, Plaintiff identified the nurse in question as Thea Joseph. *See* Dkt. No. 41 at ¶ 13. Accordingly, Plaintiff's Motion to Compel with regard to this demand is **denied as moot**.

### VI. First Name of Superintendent Caspra

The superintendent has been dismissed from the lawsuit, and therefore this demand is **denied as moot.**

### VII. Video Surveillance of Plaintiff in M.H.U. Cell at Sing Sing Correctional Facility

In a previous decision by the Honorable Loretta A. Preska, Senior United States District Judge of the Southern District of New York, all claims with regard to Plaintiff's stay at the Sing Sing Correctional Facility were severed, and are not presently part of the Plaintiff's claims that are pending in the Northern District. Dkt. No. 11. Accordingly, Plaintiff's request for video surveillance at the Sing Sing Facility is **denied** as not proportionally relevant to the presently pending claims.

### VIII. Plaintiff's Mental Health Records at the Sing Sing Correctional Facility

The Plaintiff has requested his medical health records from August 1, 2015 until August 12, 2015, while at the Sing Sing Correctional Facility. Defendants have responded that they do not have such records, and further, the records would be irrelevant to the case at hand. Defendants are not required to produce what they do not possess and therefore the Motion is **denied**. However, if the Defendants do come into possession of such records they should provide a copy to the Plaintiff.

And it is further

**ORDERED**, that the Uniform Scheduling Order is hereby amended as follows: the Discovery deadline is extended to August 31, 2017, and the Motion filing deadline is October 13, 2017. All other deadlines remain the same.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14)[1] days within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date: April 26, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).