UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

        Plaintiff,

 -against-           9:16-CV-0623 (LEK/DJS)

PETER RUSSELL and JACOB WHITNEY,

        Defendants.

## ORDER

**I. INTRODUCTION**

  This matter comes before the Court following a report-recommendation filed on August 10, 2018, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 89 ("Report-Recommendation"). Defendants Peter Russell and Jacob Whitney timely filed objections. Dkt. No. 90 ("Objections").

**II. LEGAL STANDARD**

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301,

306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

Defendants object to Judge Stewart's Report-Recommendation on two grounds. First, they argue that Judge Stewart "erred in excusing Plaintiff's failure to respond properly to the [Defendants'] Statement of Material Facts." Objs. at 2–3; see also Dkt. No. 70-10 ("Statement of Material Facts"). Second, Defendants contend that Judge Stewart "erred in determining that Plaintiff's assertions, which are unsupported by evidence and contradicted by the record, are sufficient to raise a triable issue of material fact." Id. at 4–5.

**A. Plaintiff's Response to Defendants' Statement of Facts**

In the Report-Recommendation, Judge Stewart held that, although "Plaintiff [did] not file[] a responsive Rule 7.1 Statement," various of Plaintiff's submissions included "factual assertions contradicting the facts set forth by Defendants."[1] R. & R. at 2 n.1. As a result, Judge Stewart "opted to review the entire summary judgment record in order to ascertain the undisputed material facts." Id.

---

[1] The Court interprets that statement as referring primarily to Plaintiff's opposition, which includes six pages of hand-written numbered paragraphs describing the facts material to the present dispute. See Dkt. No. 80 ("Opposition") at 3–9.

Defendants object, first, that "[a] *pro se* plaintiff is not excused from following the procedural formalities of summary judgment." Objs. at 2 (citing Govan v. Campbell, 289 F. Supp. 2d 289, 295–96 (N.D.N.Y. 2003)). Defendants also note that Plaintiff "is a prolific *pro se* litigator" who has "extensive experience in the federal courts," implying that he should not be entitled to the special solicitude normally afforded pro se litigants. Id. at 3. Finally, Defendants point to two documents filed by the Court for Plaintiff's benefit, which describe with particularity the papers that must be submitted to properly respond to a summary judgment motion. Id. at 2–3; see also Dkt. Nos. 72, 73. Those factors, Defendants argue, weigh in favor of both treating their Statement of Material Facts as admitted in its entirety and granting their motion for summary judgment. Objs. at 3; see also Dkt. No. 70 ("Summary Judgment Motion").

Some of the objections now raised by Defendants were already set out in their reply to Plaintiff's opposition papers, and therefore formed part of the record before Judge Stewart. Dkt. No. 80 ("Reply") at 1–2. However, certain of Defendants' arguments—including, most notably, that Plaintiff's experience in the federal courts warrants less solicitude than is normally granted pro se litigants—have been newly raised in the Objections. Nevertheless, the Court will review de novo those portions of the Report-Recommendation that are relevant to Defendants' objections.

Local Rule 7.1(a)(3) requires the party opposing a summary judgment motion to "file a response to the [movant's] Statement of Material Facts . . . admitting and/or denying each of the movant's assertions." A strict interpretation of this rule would require the Court to "deem admitted any properly supported facts set forth in the [movant's] Statement of Material Facts that the opposing party does not specifically controvert," N.D.N.Y. L.R. 7.1(a)(3), even if the

3

opposing party is a pro se litigant, Kaminski v. City of Utica, No. 10-CV-895, 2012WL 4486074, at *6 (N.D.N.Y. June 28, 2012) ("The deference owed to *pro se* litigants . . . does not extend to relieving them of the ramifications associated with a failure to comply with the local rules." (citations omitted)). Nevertheless, the Second Circuit has held that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001). And a number of courts in this circuit have adopted a more lenient approach when plaintiffs have failed to satisfy local rules related to summary judgment pleadings. See, e.g., Vasquez v. Reilly, No. 15-CV-9528, 2018 WL 2768648, at *1 n.1 (S.D.N.Y. June 8, 2018); Houston v. Teamsters Local 210, Affiliated Health and Ins. Fund-Vacation Fringe Ben. Fund, 27 F. Supp. 3d 246, 249 (E.D.N.Y. 2014); Pagan v. Corr. Med. Servs., No. 11-CV-1357, 2013 WL 5425587, at *2 (S.D.N.Y. Sept. 27, 2013).

    Defendants are correct that Plaintiff is a prolific pro se litigant, and that he has conducted a number of lawsuits in federal courts. Therefore, this could be one of those "circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [the] special solicitude" normally granted pro se litigants. Smith v. Burge, No. 03-CV-955, 2006 WL 2805242, at *3 (N.D.N.Y. Sept. 28, 2006) (Kahn, J.) (citation omitted). However, Defendants only point to one instance when Plaintiff has previously litigated a summary judgment motion: Vasquez v. Reilly, No. 15-CV-9528, 2018 WL 2768648 (S.D.N.Y. June 8, 2018). And in that case, Plaintiff also failed to submit a proper response to the moving party's statement of facts, as required by the Southern District's Local Civil Rule 56.1(a). Id. at *1 n.1. Nonetheless, based on the numerous factual submissions Plaintiff had filed, the

4

Reilly court opted in its discretion to disregard Plaintiff's failure and to instead "'conduct an assiduous review of the record'" in deciding the motion. Id. (quoting Holtz, 258 F.3d at 73).

The Court agrees with Judge Stewart that a similar approach was warranted in the present case. Plaintiff's hand-written response to Defendants' Summary Judgment Motion includes a nearly six-page statement of material facts that, while not formatted in precisely the manner called for under the Local Rules, is sufficient to warrant the Court's consideration. Opp'n at 3–8; see also Cherry v. Byram Hills Cent. Sch. Dist., No. 11-CV-3872, 2013 WL 2922483, at *1 (S.D.N.Y. June 14, 2013) ("[W]here a pro se plaintiff fails to submit a proper . . . Rule 56.1 statement in opposition to a summary judgment motion, the [c]ourt retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." (internal quotation marks omitted)). Furthermore, the Court is not persuaded by Defendants argument that, because the Court provided explicit instructions to Plaintiff, the Statement of Facts should be deemed admitted in its entirety. Objs. at 3. The ultimate case to which Defendants cite in support of that proposition, Latouche v. Tompkins, No. 09-CV-308, 2011 WL 1103045, at *1 (N.D.N.Y. Mar. 23, 2011),[2] makes clear that a court warning is a necessary, but not a sufficient, condition for a court to deem a movant's statement of facts to have been admitted.

The Court therefore rejects Defendants' objections regarding Plaintiff's failure to properly respond to the Statement of Material Facts.

---

[2] Defendants' Objections actually quote Kaminski, 2012 WL 4486074, at *6, for the relevant proposition. However, the quotation Defendants highlight from Kaminski cites to and draws direct support from the holding in Latouche.

### B. The Existence of a Triable Issue of Material Fact

Judge Stewart also held, with regard to Plaintiff's claims against Whitney for excessive force under the Eighth Amendment and for retaliation under the First Amendment, that "there are questions of fact which preclude summary judgment." R. & R. at 9. Specifically, Judge Stewart found that, while the parties agreed that an incident occurred during which Whitney used force against Plaintiff, disputes of material fact existed as to (1) the nature of the force used; (2) whether the force was justified and appropriate in the circumstances; and (3) the existence and/or extent of Plaintiff's injuries as a result of the incident. Id. at 11–14.

Defendants object to those findings, and argue that the documents they submitted along with the Summary Judgment Motion "demonstrate that [] Whitney acted in good faith, the restraint of Plaintiff was appropriate, and Plaintiff sustained no injuries." Objs. at 4 (citing Dkt. Nos. 70-6 to -7). Furthermore, Defendants contend that "Plaintiff's bald assertions that CNYPC staff lied and falsified medical records are not sufficient to overcome the [Defendants'] properly supported motion for summary judgment." Id.

Defendants' second set of objections are the mirror image of arguments already made in both their Summary Judgment Motion and their Reply. See, e.g., Summ. J. Mot. at 16 ("In sum, the record demonstrates that Defendant Whitney acted in good faith, the restraint of Plaintiff was appropriate, and Plaintiff sustained no injuries."); Reply at 4 ("Plaintiff's bald assertions that CNYPC staff lied and falsified medical records are not sufficient to overcome the movants' properly supported motion for summary judgment."). Thus, Defendants' second objection constitutes "a mere reiteration of an argument made to the magistrate judge," and is subject to

review only for clear error. Barnes, 2013 WL 1121353, at *1. Having reviewed both the record and Judge Stewart's reasoning, the Court finds none.

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 89) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Summary Judgment Motion (Dkt. No. 70) is **GRANTED as to Defendant Russell**; and it is further

**ORDERED**, that Defendants' Summary Judgment Motion (Dkt. No. 70) is **GRANTED as to the official capacity claims brought against Defendant Whitney, but DENIED in all other respects**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 21, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge